KEASBEY & MATTISON CO. v. AMERICAN MAGNESIA & COVERING CO.

(Circuit Court, E. D. Pennsylvania. May 2, 1905.)

No. 30.

PATENTS—VALIDITY—MACHINE FOR MOLDING TUBES.

The Keasbey patent, No. 397,860, for a machine for molding tubes, *held* void on the ground that the patentee was not the true inventor.

In Equity. Suit for infringement of patent. On final hearing.

Edward K. Jones and Edmund Wetmore, for complainant.
George W. Mills, Jr., and Kenyon & Kenyon, for respondent.

J. B. McPHERSON, District Judge. The patent in suit, No. 397,860, was issued to Henry G. Keasbey, and is for an improvement in machinery for molding tubes or cylinders. The object of the invention is thus stated in the specification:

"My invention has for its object the production of an apparatus or machine for forming or molding tubes or cylinders of plastic material, such as are employed for covering steam and like pipes, by which the tubes or cylinders are formed perfectly, rapidly, and cheaply.

"To attain the desired objects the invention consists, first, in a peculiar construction of mold for forming the tube; second, in a press of suitable construction for containing the mold; third, in an improved apparatus for feeding the material to the mold; and, finally, in the novel construction, arrangement, and adaptation of parts, all as hereinafter described and claimed."

The first, third, and fifth claims of the patent are involved, but they need not be quoted, since the case must be decided upon other grounds than are usually considered in patent causes. One of the chief matters in dispute is whether the patentee or Wilfred S. Griffiths is the true inventor of the machine in controversy, and upon this point an attempt to reconcile the testimony would be idle. If I had enjoyed the advantage of seeing and hearing the witnesses I should feel better qualified to judge between the two conflicting accounts that have been presented to the court, but, as I have nothing before me except the cold record, I must rely largely upon the tests of inherent probability and corroboration. So far as the former test is concerned, there is not much to choose, I think, between the contradictory statements of the rival claimants. Standing by itself, each account is plausible, and each is susceptible of attack at certain points, as the briefs of counsel have not failed to make clear. In a position of such perplexity I have, therefore, felt bound to give considerable weight to the corroborating testimony of several other witnesses which supports the account offered by Mr. Griffiths. It would be profitless to set out in detail the conflicting evidence, and I have sufficiently outlined my reasons for reaching a conclusion to which I might not have felt obliged to come if the witnesses could have been examined in my presence. I shall therefore only add that, in my opinion, the weight of the evidence seems to establish the fact that the patented device was invented late in the year 1885 by W. S. Griffiths. The patent is therefore invalid, because it has been granted to another person.

A decree may be entered dismissing the bill, at the costs of the complainant.